IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE R. CUZCO,<br>Petitioner,<br>v.<br>TABB BICKELL,<br>Respondent. | FILED<br>NOV - 8 2013<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk | CIVIL ACTION<br>NO. 13-1853 |

## ORDER

**AND NOW**, this 7th day of November 2013, after a careful and independent consideration of the petition for a writ of habeas corpus and of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Doc. No. 11), Petitioner's objections thereto (Doc. No. 15), and the entire record in this case, it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED and ADOPTED**.[1]

---

[1] The Court agrees with the Report and Recommendation ("R&R") that the record shows that Petitioner voluntarily entered his guilty plea with full knowledge of its terms. *See* R&R (Doc. No. 11) at 5-7. The Court also agrees that Petitioner's claim involving alleged PCRA Court error in denying his motion for a continuance is not cognizable as an independent basis for habeas relief. *Id.* at 7–8.

Petitioner objects to the Magistrate Judge's ruling on his claim that counsel was ineffective in failing to explain to him various facts related to his guilty plea that he could not have understood without an interpreter. He argues that because he does not speak English, his guilty plea was not knowing and voluntary; he did not understand the nature of the charges; he did not know that he had a right to a jury trial; and he did not know that he was cloaked in the presumption of innocence. However, on appeal from his Post Conviction Review Act (PCRA) hearing, the court held that "Without the assistance of an interpreter, the Defendant was fully able to communicate with trial counsel and the Court, and fully comprehend the decisions he was making." *Commonwealth v. Cuzco-Izquierdo*, No. 1135-2010, Slip Op. at 4 (Common Pleas of Berks County, Feb. 9, 2012); on further appeal, this ruling was upheld. *Commonwealth v. Cuzco*, No. 90 MDA 2012, Slip Op. at 9 (Sup Ct. Pa. Oct. 10, 2012). Nothing in the record contradicts this finding to the degree 28 U.S.C. § 2254(e) requires to overturn a State court factual finding.

At the plea hearing, it was established that Defendant understood the nature of the charges to which he was pleading. Tr. Hr'g 9:25–10:5 (July 16, 2010) ("THE COURT: You heard those facts, Mr. Cuzco, are you admitting that what was stated is correct, that you had deviate sexual intercourse with a juvenile, not your spouse, the juvenile being under the age of 16 at the time and you were at the time 40 or 41 years old; are you admitting that? THE DEFENDANT: Yes, Your Honor."). It was also established that the guilty plea was knowing and voluntary; another finding not disturbed in his state court appeals. *Id.* at 8:29–9:3. Defendant also signed a Statement Accompanying Defendant's Request to Enter a Guilty Plea, indicating he reads and speaks (but does not write) English. Statement ¶ 6. The Statement also provides that he gave up a right to a bench trial and a jury trial. *Id.* at ¶ 12. It further indicated that he understood that he was presumed innocent. *Id.* at ¶ 10. At the guilty plea hearing, the court asked if Mr. Cuzco had completed the statement with advice of counsel, to which Petitioner replied "Yes, ma'am." Asked "[D]id you tell the truth in all your answers," Petitioner replied, "Yes, Your Honor." Hr'g Tr. 2:17–24 (July 16, 2010).

Petitioner has failed to rebut the factual findings of the state courts by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The facts as found by the State courts indicate that he is not entitled to habeas relief.

2. The Petition (Doc. No. 1) is **DENIED** with prejudice.

3. A Certificate of Appealability **SHALL NOT ISSUE.**

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED.**

BY THE COURT:

_____
CYNTHIA M. RUFE, J.
